# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA MOORE,<br><br>                      Plaintiff,<br>v.<br><br>JUDGE B. SCOTT LEEHY, et al.,<br><br>                     Defendants. | Case No. 11cv2279 BTM(WVG)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM** |

On September 30, 2011, Plaintiff filed a Complaint and a Motion to Proceed In Forma Pauperis ("IFP"). For the reasons discussed below, the IFP Motion is granted, and the Complaint is dismissed for failure to state a claim.

## DISCUSSION

I. <u>Motion to Proceed IFP</u>

Upon review of Plaintiff's affidavit in support of her IFP Motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the filing fee required to prosecute this action. Accordingly, Plaintiff's IFP Motion is **GRANTED**.

II. <u>Failure to State a Claim</u>

Although the Court will allow Plaintiff to proceed IFP, Plaintiff's Complaint must be dismissed for failure to state a claim. The Court is under a continuing duty to dismiss an IFP

case whenever the Court determines that the action "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff asserts claims for violation of her due process rights and her equal protection rights in connection with proceedings in the Fourth Judicial District Court, State of Louisiana, regarding the disposition of real property in the matter of the succession of Eddie Lee Moore ("Moore"), Plaintiff's father.  Plaintiff claims that the state court erroneously granted a petition for possession filed by Moore's children from his first marriage (defendants Frank Moore and Elnora Thomas).  Plaintiff complains that defendant Judge B. Scott Leehy has denied all of her requests to set aside the transfer of property, unlawfully appointed a curator (defendant Amy C. Ellender), and violated her constitutional rights.

Plaintiff explains that she has made requests to set aside the transfer of property and to return it to the rightful heirs (Plaintiff and her brothers), but that her requests have been "denied by the state court and appeals court." (Petition, p. 6.)  Plaintiff requests this court "to review what the trial court has been given about this case," "return the property to the rightful heirs," and "dismiss the action taken by Judge Leehy awarding almost $2,000,000 to curator Amy Ellender." (Petition, pp. 6, 8.)

However, this court lacks subject matter jurisdiction to void any of the decisions or judgments entered in the state court action.  Under the Rooker-Feldman doctrine, federal courts are barred from hearing de facto appeals from state-court judgments.  Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003).  Simply stated, a United States District Court lacks the authority to disrupt or "undo" a decision of a state court, regardless of whether the state court's decision was correct or whether the state court fully and fairly adjudicated the claim.  Id. at 898-900.

Furthermore, absolute immunity is accorded to judges for judicial acts taken within the jurisdiction of their courts.  Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). There are only two sets of circumstances in which immunity is overcome: (1) nonjudicial actions; and (2) actions, though judicial in nature, taken in the complete absence of jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991).  "A judge will not be deprived of immunity

because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). Based on the record before the Court, Judge Leehy's actions were judicial acts taken within the jurisdiction of his court. Therefore, it appears that Judge Leehy is entitled to judicial immunity.

To the extent Plaintiff seeks to bring a common law fraud or tort claim against defendants Frank Moore and Elnora Thomas, Plaintiff has not established that the Court has subject matter jurisdiction over the claim. Because Plaintiff's constitutional claim fails, no federal question of law has been presented, and the Court cannot exercise supplemental jurisdiction over state law claims. Plaintiff has not made any showing that the Court has diversity jurisdiction under 28 U.S.C. § 1332.

## **CONCLUSION**

For the reasons discussed above, Plaintiff's motion to proceed in forma pauperis is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** for failure to state a claim. The Court **GRANTS** Plaintiff leave to file a First Amended Complaint, but reminds Plaintiff that the Court does not have jurisdiction to change or review any rulings of Judge Leehy and cannot order the transfer of the property in question to Plaintiff. If Plaintiff chooses to file a First Amended Complaint, she must do so on or before **October 31, 2011**. Failure to do so will result in the closing of this case.

**IT IS SO ORDERED.**

DATED: October 6, 2011

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge